**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: May 15, 2007**

_____
ROBERT C. MCGUIRE
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ANTHONY BOWMAN | § | CASE NO. 06-30702-RCM |
| and MARY BOWMAN, | § | |
| | § | Chapter 13 |
| Debtors. | § | |

ORDER GRANTING
DEBTORS' MOTION TO MODIFY CHAPTER 13 PLAN

On April 24, 2007, came on for hearing the Debtors' Motion to Modify Chapter 13 Plan. Debtors appeared through counsel and Debtor Mary Bowman testified. Stuart Cox, the Chapter 13 Trustee in the case, having a filed a Response to the Motion, appeared pro se. The court heard the arguments of counsel and the Debtor's testimony, and took the matter under advisement. The court, having now reviewed the Motion and the Response and the authorities cited by the parties, and having considered the testimony, finds that the Motion should be granted for the following reasons.

The Trustee at the hearing stated that under the facts of this case, he does not oppose the Debtors' modification. Specifically, the Trustee did not contest, and the court finds, that the Debtors are in good faith in proposing their modification pursuant to which they would surrender their 2005 Chevy Malibu to the holder of the lien on that vehicle, Wells Fargo Auto Finance, and lower their plan payment accordingly to $260 per month.

This case was filed on July 10, 2006, and the record reflects that the Debtors' plan, proposing payments of $1090 per month for 60 months, was confirmed on September 26, 2006. Apparently in accordance with the "Hanging Paragraph" following 11 U.S.C. § 1325(a)(9), the plan provided that the $20,292.00 secured claim of Wells Fargo Auto Finance would be paid in full as a fully secured claim, with interest at 15.99%, although the value of the collateral was stated in the plan as $14,050.00. No motion to value collateral was filed, either separately or as part of the plan.

The Debtor testified that both she and her husband were employed when the case was filed, but that subsequently she experienced heart and other health problems and as a result became unemployed. While she made $1000 per month when the case was filed, she currently has no income personally. She testified that with that drop in income, the Debtors are unable to continue to make the plan payments provided in their original plan. She further testified that the Malibu was in good condition, and her counsel represented that it was insured.

The modification provides for the filing and treatment of a deficiency claim by Wells Fargo as a unsecured claim under the plan, in the event a foreclosure of its lien results in a balance owed. The Debtors' Motion asserts, and no party challenged that assertion, that under the modified plan the unsecured creditors will receive more than they would under a Chapter 7 liquidation.

According to Debtors' counsel's representation, Wells Fargo Auto Finance had notice of the proposed modification and surrender and has not objected. The Trustee stated at the hearing that he was not opposed to the modification in this case, but merely filed the Response to bring to the court's attention the split in authority on the permissibility of modifications such as the Debtors propose. *Compare* **In re Hernandez**, 282 B.R. 200 (Bankr. S.D. Tex. 2002) (Steen, J.) (allowing modification) *with* **In re Coffman**, 271 B.R. 492 (Bankr. N.D. Tex. 2002) (denying motion to modify).

As in **Coffman**, "the issue, therefore, is whether a postconfirmation plan modification can provide for surrender of collateral with any resulting deficiency after foreclosure constituting an unsecured claim." **Id.** at 495. This case is distinguishable, however, from both **Hernandez** and **Coffman**. In this case, the holder of the secured claim, Wells Fargo Auto Finance, has not objected to the proposed modification and change in the treatment of its claim from secured to

2

unsecured, nor has any other creditor objected. Only the Trustee responded to the Motion, and he expressly stated at the hearing that he did not oppose the modification under the facts of this case. "[A]n undersecured creditor is entitled to 'surrender or waive his security and prove his entire claim as an unsecured one.'" **United Sav. Association of Texas v. Timbers of Inwood Forest Associates, Ltd.**, 484 U.S. 365, 379 (1988), *citing* **United States National Bank v. Chase National Bank**, 331 U.S. 28, 34 (1947). Since the modified plan provides for treatment of Wells Fargo Auto Finance's deficiency claim as an unsecured claim and it did not object to the proposed modification, and considering the Debtors' good faith and all the other circumstances and equities of the case, the court finds that the Motion should be granted.

IT IS, THEREFORE, ORDERED that the Debtors' Motion to Modify Chapter 13 Plan shall be, and hereby is, GRANTED.

# # #